IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**ANDERS CONSTRUCTION, INC.**                                                 **PLAINTIFF**

**V.**                                                   **NO. 1:22-CV-56-DMB-DAS**

**WESTFIELD INSURANCE COMPANY**                                        **DEFENDANT**

**ORDER**

Westfield Insurance Company moves to stay this case pending arbitration of Anders Construction, Inc.'s claims against a third party. Because Anders' claims against Westfield arise from Anders' contract dispute with a third party and because such contract dispute is subject to arbitration, the motion will be granted in the interest of judicial efficiency and to avoid inconsistent results.

**I**
**Procedural History**

On March 25, 2022, Anders Construction, Inc. filed a complaint in the United States District Court for the Northern District of Mississippi against Westfield Insurance Company. Doc. #1. The complaint alleges that "Anders and [J. Cumby Construction, Inc. ("Cumby")] entered into a Subcontract Agreement … wherein Anders … would perform work at the Northeast Mississippi Regional Water Supply District's process facilities;" "Anders performed the work for Cumby;" while Cumby made a partial payment for the work performed, "[a]fter this late partial payment, a balance remains due and owing of $167,129.38;" Westfield provided a payment bond to Cumby for the project; "Anders provided a proof of claim construction contract to Westfield," and "made a bond claim against Westfield;" and "Westfield declined to pay Anders' claim." *Id.* at 2–4. Anders asserts that Cumby "breached the Subcontract by

unreasonably withholding payment" and Westfield "unreasonably withheld payment … by refusing to pay pursuant to its payment bond." *Id.* at 4. Alternatively, Anders "demands the reasonable value of its services performed that remain unpaid by Cumby" under a theory of quantum meruit. *Id.* at 5.

Westfield filed "Defendant's Motion to Stay Pending Arbitration" on April 18, 2022. Doc. #5. The motion is fully briefed. Docs. #6, #11, #14. Two days after Westfield filed the motion to stay, United States Magistrate Judge David A. Sanders entered an order staying the attorney conference, disclosure requirements, and all discovery pending a ruling on Westfield's motion to stay.[1] Doc. #7.

## II
## Discussion

Westfield argues that because Anders' claims against it arise from its subcontract with Cumby and that subcontract "contains a binding dispute resolution provision requiring arbitration of any and all claims" relating to the subcontract, this case should be stayed "pending the arbitration of Anders' claims."[2] Doc. #6. Anders responds that the motion to stay

> should be denied as (1) no agreement to arbitrate exists between Anders and Cumby; (2) the only entity who could possibly demand arbitration, Cumby, has not done so; (3) Westfield has no standing, as a non-signatory to the Subcontract, to even demand arbitration; and (4) as no demand for arbitration or motion to compel has been made, any request for a stay is premature.

Doc. #11 at 5–6. Westfield replies that "Anders' assertions [that Cumby had not sought arbitration] are now moot … as [Cumby] has, as of May 24, 2022, made written demand for

---

[1] Approximately four months later, on August 1, 2022, United States District Judge Sharion Aycock, to whom this case was initially assigned, recused herself from the case, *see* Doc. #15, after which this case was reassigned to the undersigned district judge.

[2] As Anders indicates, Doc. #11 at 1, Westfield's memorandum is inconsistent with describing the arbitration, at one point referring to "arbitration of all claims and causes of action between Anders against Westfield" and at another referring to "arbitration of Anders' claims against [Cumby]." Doc. #6 at 1, 10. However, the motion itself generally requests "an order staying this proceeding pending the adjudication of Anders' claims in arbitration." Doc. #5 at 1.

arbitration to the American Arbitration Association relating to the dispute(s) over Anders' work performed … under the subcontract agreement" and Cumby's election to require arbitration means Anders' claims against Westfield "*must* be stayed." Doc. #14 at 2.

As United States District Judge Glen Davidson observed in a related case involving Westfield:

> A district court has broad discretion to stay cases pending before it, and "in some cases it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration." *Moses H Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 20 (1983). Allowing litigation to proceed simultaneously with the … arbitration would create risk of inconsistent results and duplicative litigation.

*Old Republic Surety Co. v. J. Cumby Constr., Inc.*, No. 1:21-cv-126, 2022 WL 3438227, *4 (N.D. Miss. Aug. 16, 2022) (alterations omitted); *see White v. KPMG LLP*, 180 F. App'x 498, 499 (5th Cir. 2006) (recognizing that a "district court has discretionary authority to grant a stay in the management of its docket" even when parties are not entitled to a mandatory stay pending arbitration). Generally, "a stay is appropriate when it serves the interests of judicial economy and efficiency." *Hood ex rel. Miss. v. Microsoft Corp.*, 428 F. Supp. 2d 537, 541 (S.D. Miss. 2006).

While the parties dispute whether there is a valid arbitration agreement between Cumby and Anders and whether Westfield would be able to enforce such an agreement, there is no dispute that Anders seeks to recover from Westfield based on Cumby's breach of contract.[3] *See* Doc. #11 at 1 ("Anders claims … that Westfield, as surety to its principal [Cumby], is liable for damages attributable to [Cumby's] breach of contract."). Thus, Westfield's liability in this case appears to be dependent on Cumby's liability, which is currently the subject of arbitration. *See*

---

[3] Because Cumby is not a party to the action before this Court and because Westfield does not seek to compel arbitration, the Court expresses no opinion about whether the arbitration agreement is valid.

Doc. #14-1 at PageID 78–79 (Cumby's demand for arbitration seeking a declaration that "Anders is not entitled to any additional compensation for work performed"). Because the outcome of the arbitration between Cumby and Anders will determine Westfield's liability to Anders, the Court concludes it is judicially efficient to stay this case pending the outcome of the arbitration.

### III
### Conclusion

Westfield's motion to stay [5] is **GRANTED**. This case is **STAYED** pending arbitration between Anders and Cumby. The parties are **DIRECTED** to notify the Court within fourteen (14) days of an arbitration decision.

**SO ORDERED**, this 20th day of October, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**